Filed 10/20/25  P. v. Ochoa CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>GEORGE VICTOR OCHOA,<br><br>Defendant and Appellant. | F089153<br><br>(Super. Ct. No. F24907791)<br><br><br>**OPINION** |

### THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  Geoffrey Wilsom, Judge.

J. M. Malik, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Kimberley A. Donohue, Assistant Attorney General, Eric L. Christoffersen and Brook A. Bennigson, for Plaintiff and Respondent.

-ooOoo-

---

[*]      Before Franson, Acting P. J., Peña, J. and DeSantos, J.

Defendant George Victor Ochoa contends on appeal that the sentence must be vacated and the matter remanded for resentencing because the trial court abused its discretion when it denied his *Romero*[1] motion to dismiss his prior strike within the meaning of the "Three Strikes" law (Pen. Code,[2] §§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)). The People disagree. We affirm.

## PROCEDURAL SUMMARY

On November 19, 2024, the Fresno County District Attorney filed an information charging defendant with possession of a controlled substance with a firearm (Health & Saf. Code, § 11370.1, subd. (a); count 1); possession of a firearm by a felon (§ 29800, subd. (a)(1); count 2); unlawful possession of ammunition (§ 30305, subd. (a)(1); count 3); resisting arrest (§ 148, subd. (a)(1); count 4); petty theft (§ 484, subd. (a); count 5); possession of methamphetamine (Health & Saf. Code, § 11377, subd. (a); count 6); and possession of an unlawful smoking device (Health & Saf. Code, § 11364; count 7). As to all counts, it was further alleged that defendant suffered one prior strike conviction[3] (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)) and that defendant had served three prior prison terms. (Cal. Rules of Court,[4] rule 4.421(b)(3).)

On November 20, 2024, defendant pled not guilty to all counts and denied the allegations against him.

On December 5, 2024, defendant entered into a plea agreement in which he pled no contest to count 1 and admitted the strike prior in exchange for a six-year "lid."[5] The

---

[1]     *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497 (*Romero*).

[2]     All statutory references are to the Penal Code unless otherwise noted.

[3]     The information alleged defendant suffered the prior strike in 2008 for a conviction of first degree burglary (§§ 459/460, subd. (a)).

[4]     All rule references are to the California Rules of Court.

[5]     The trial court gave an indicated sentence of four years, which was the low term of two years, doubled to four years because of the strike prior.

remaining counts and defendant's separate pending misdemeanor cases were dismissed pursuant to the plea agreement.

On January 6, 2025, the trial court held a sentencing hearing. Defendant made an oral *Romero* motion requesting the court dismiss his prior strike. The court denied the motion. The court sentenced defendant to a prison term of four years, as follows: on count 1, four years (the low term, doubled pursuant to the prior strike).

On January 8, 2025, defendant filed a timely notice of appeal.

### FACTUAL SUMMARY[6]

On November 17, 2024, at approximately 9:35 p.m., defendant was in a store when he was seen by an asset protection employee hiding merchandise under his clothes on a security monitor. The asset protection employee notified a police officer working at the store.

The officer detained defendant after he left the store and found defendant with concealed merchandise worth $15.61 and placed him under arrest. The officer also found defendant in possession of a revolver without a serial number, five rounds of .32 caliber ammunition, a small amount of methamphetamine, a glass pipe with residue on it, and a blank check with the name "James D." on it. Defendant told the officer he found the items in a dried canal.

However, the officer conducted a records check of the address listed on the blank check found in possession of defendant. It showed a prior burglary had occurred at the address, and a revolver matching the description of the one found in defendant's possession was listed as one of the items stolen during the burglary. However, police could not confirm that the stolen revolver was the one found in defendant's possession because its serial number had been removed.

---

**6** The facts are taken from the probation report.

# DISCUSSION

Defendant contends the trial court abused its discretion when it denied his *Romero* motion.  The People disagree.  We agree with the People.

## A.        *Background*

*Probation Report*

The probation report listed defendant's criminal history from 2001 until the commission of the underlying offenses in 2024, as follows:  numerous sustained petitions in juvenile delinquency proceedings of increasing seriousness in 2001, 2002, 2003, 2004, 2005, 2006, and 2007; in 2008, first degree burglary (the prior strike conviction); in 2012, unlawful possession of ammunition and misdemeanor unlawful possession of paraphernalia; in 2014, misdemeanor possession of a pipe to smoke controlled substances; in 2015, three post release community supervision (PRCS) violations and misdemeanor possession of a pipe to smoke controlled substances; in 2016, three PRCS violations, misdemeanor driving under the influence of drugs, and felon in possession of a firearm; in 2017, a PRCS violation and a violation of probation; and in 2019, theft of personal property.

The report also noted defendant stated he had been shot four times, had been diagnosed with depression, had a prescription for an antipsychotic medication, had attempted suicide multiple times as a minor and while incarcerated, joined a gang at 12 years old, dropped out of the gang approximately six years prior to the commission of the underlying offenses, and had been a methamphetamine and marijuana addict since 12 years old.  It stated that defendant told probation that he completed inpatient treatment " 'in [his] 20's,' " and had enrolled in but not completed three separate inpatient treatment programs to address his substance abuse issues.

The report recommended defendant be sentenced to a term of six years on count 1.

4.

*Sentencing Hearing*

At the July 6, 2025 sentencing hearing, the trial court stated it read and considered the probation report.[7] The court recited the terms of the plea agreement and the indicated sentence of four years.

Defense counsel then asked the trial court to strike defendant's prior strike pursuant to *Romero*, arguing defendant's prior strike occurred in 2008, when defendant had just turned 18 years old, that defendant was now 35 years old, that the offenses defendant committed in the period between the prior strike in 2008 and the commission of the current offense in 2024 showed a decreasing level of criminality, that the current offense was a "different type of offense" from the burglary for which he received the prior strike in 2008, and that defendant's criminality was "severely related to his drug abuse."

The prosecution argued that defendant's current offense and prior criminal record warranted denial of the *Romero* motion. He argued defendant was within the spirit of the Three Strikes law, as he had suffered at least two more felony convictions since the prior strike conviction in 2008 and had been granted *Romero* relief in 2016 but had violated the terms of probation, resulting in a three-year stayed prison sentence being reinstated, and committed another offense in 2019, after his release from incarceration.

The trial court stated it considered defendant's motion, but declined to strike the prior strike, stating:

> "Okay. Considering the arguments for *Romero*, both for and against, the Court does recognize that while the strike may be old[,] in reviewing [defendant's] criminal history it does appear to be clear that [defendant] has a pretty much unbroken chain of criminality from 2001 to present time. And while much of it is drug related, he has been given many opportunities to reform and rehabilitate himself including through grants of probation, as

---

[7]    The trial court also signed defendant's probation report, stating that it had read and considered it.

5.

well as [PRCS], and unfortunately continues to reoffend, so it does not appear that *Romero* is appropriate in this matter."

In aggravation, the court also found that defendant had numerous prior convictions and sustained petitions in juvenile delinquency proceedings of increasing seriousness, that his prior performance on probation or parole was unsatisfactory, and that pursuant to rule 4.421(b)(3), he had served three prior prison terms. In mitigation, the court found defendant voluntarily acknowledged wrongdoing at an early stage of the criminal process and suffered from substance abuse issues. However, the court found the mitigating factors were outweighed by defendant's inability or unwillingness to complete rehabilitative efforts in a noncustodial setting.

Defense counsel then asked the trial court,

"I just wanted to ask for clarification, the Court said that [defendant] had an unbroken [string of] criminality since his strike, is that taking into account that it does look like his last case was from 5 years ago and he only received 30 days in jail, and his last prison term ended in 2016?"

The trial court stated,

"I'm looking [at] what the Court has in front of it and it does appear as though from 2001 [defendant] had cases in 2001, 2002, [20]03, [20]04, [20]05, [20]06, [20]07, [20]08, 2012, 2014, multiple cases in 2015, multiple cases in 2016, cases in 2017, as well as 2019, and given the nature of these charges—I understand [defense counsel] may be suggesting that perhaps he's been crime free for several years prior to today's date, given the history here and the multiple failures to reform on supervision, and [PRCS], as well as any opportunities on probation, I would consider that an unbroken string of criminality, but I understand that perhaps the phrasing might be a bit incongruent if you are looking at the last several years so I am considering that, that string of criminality. I'm considering it unbroken for the purposes of whether or not to exercise *Romero*, but I do take your point that perhaps he's not suffered any arrests or convictions or I should say any convictions since that January 2019 date based on what I have in front of me, does that clarify?"

Defense counsel confirmed that the court's statement provided clarification.

## B.      *Law*

*Three Strikes Law*

" '[T]he Three Strikes initiative, as well as the legislative act embodying its terms, was intended to restrict courts' discretion in sentencing repeat offenders.' [Citation.] To achieve this end, 'the Three Strikes law does not offer a discretionary sentencing choice, as do other sentencing laws, but establishes a sentencing requirement to be applied in every case where the defendant has at least one qualifying strike, unless the sentencing court "conclud[es] that an exception to the scheme should be made because, for articulable reasons which can withstand scrutiny for abuse, this defendant should be treated as though he actually fell outside the Three Strikes scheme." ' " (*People v. Carmony* (2004) 33 Cal.4th 367, 377 (*Carmony*).)

Section 1385, subdivision (a) authorizes a trial court to dismiss an action "in furtherance of justice." (§ 1385, subd. (a).) In *Romero*, our Supreme Court held that a court's discretion under section 1385, subdivision (a) includes the power to dismiss a prior conviction alleged under the Three Strikes law. (*Romero*, *supra*, 13 Cal.4th at pp. 529–530.) Section 1385, subdivision (a) allows a court to "strike or vacate an allegation or finding under the Three Strikes law that a defendant has previously been convicted of a serious and/or violent felony." (*People v. Williams* (1998) 17 Cal.4th 148, 158.) Section 1385 states, "[t]he reasons for the dismissal shall be stated orally on the record. The court shall also set forth the reasons in an order entered upon the minutes .…" (§ 1385, subd. (a).) However, "no similar requirement applies when a court declines to strike a prior [strike conviction]." (*In re Large* (2007) 41 Cal.4th 538, 550.)

*Romero* also held that a trial court's discretion to dismiss a prior conviction alleged under the Three Strikes law "is limited" and "must proceed in strict compliance with section 1385[, subdivision ](a)." (*Romero*, *supra*, 13 Cal.4th at p. 530.) The lower court must determine whether "in light of the nature and circumstances of [the defendant's] present felonies and prior serious and/or violent felony convictions, and the

particulars of his background, character, and prospects, the defendant may be deemed outside the scheme's spirit, in whole or in part, and hence should be treated as though he had not previously been convicted of one or more serious and/or violent felonies." (*People v. Williams*, *supra*, 17 Cal.4th at p. 161; see *People v. Strong* (2001) 87 Cal.App.4th 328, 336 (*Strong*), disapproved on other grounds by *People v. Dain* (2025) 18 Cal.5th 246, 259 [The "spirit" of a law refers to the general meaning or purpose of the law].)  The circumstances "must be 'extraordinary … by which a career criminal can be deemed to fall outside the spirit of' " the Three Strikes scheme.  (*Carmony*, *supra*, 33 Cal.4th at p. 378.)

The sentence imposed by the trial court is, itself, a factor when deciding a defendant's prospects for committing future crimes because the defendant will have fewer opportunities to commit crimes while incarcerated.  (*People v. Gaston* (1999) 74 Cal.App.4th 310, 315, disapproved on other grounds by *People v. Dain*, *supra*, 18 Cal.5th at p. 259.)  Also, the extent of a defendant's criminal record is "undeniably relevant" to the factors outlined in *Williams*.  (*People v. Garcia* (1999) 20 Cal.4th 490, 498, 501–502.)

Abuse of discretion in failing to strike a prior conviction may occur where the trial court is not aware of its discretion, considers impermissible factors, or fails to consider relevant ones.  (*People v. Avila* (2020) 57 Cal.App.5th 1134, 1141; *People v. Dryden* (2021) 60 Cal.App.5th 1007, 1029.)  "Nor would a court act properly if 'guided solely by a personal antipathy for the effect that the [T]hree [S]trikes law would have on [a] defendant,' while ignoring 'defendant's background,' 'the nature of his present offenses,' and other 'individualized considerations.' " (*Romero*, *supra*, 13 Cal.4th at p. 531.)  Discretion is abused if a court dismisses a prior strike conviction for judicial convenience, to relieve court congestion, or simply because the defendant pleaded guilty.  (*Ibid*.)  Additionally, considering the defendant's criminal history alone is " 'incompatible with the very nature of sentencing discretion.' " (*In re Saldana* (1997)

57 Cal.App.4th 620, 626; *People v. Superior Court* (*Alvarez*) (1997) 14 Cal.4th 968, 981.)

It is the defendant's burden to provide the trial court with evidence to support his *Romero* motion. (*People v. Lee* (2008) 161 Cal.App.4th 124, 129.)

A trial court does not abuse its discretion unless its decision is "so irrational or arbitrary that no reasonable person could agree with it." (*Carmony*, *supra*, 33 Cal.4th at p. 377.) "[T]he presence of mitigating evidence is not enough to render the trial court's decision an abuse of discretion." (*People v. Bernal* (2019) 42 Cal.App.5th 1160, 1170.) Where " 'the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law, we shall affirm the trial court's ruling, even if we might have ruled differently in the first instance.' " (*Carmony*, at p. 378.)

### C. Analysis

The trial court did not abuse its discretion in denying defendant's request to dismiss his prior strike pursuant to *Romero*. The record shows the court properly considered his character, background and prospects in finding that he fell within the spirit of the Three Strikes law.

Here, the trial court found that defendant was within the spirit of the Three Strikes law based on his extensive criminal history from 2001 until his commission of the current offense in 2024, consisting of numerous felonies, misdemeanors, probation violations and PRCS violations and his failure to complete multiple rehabilitation programs, and despite his prior strike occurring in 2008, his history of drug addiction, and a five-year crime-free period between 2019 and 2024. The court listened to counsels' oral arguments, in which the parties discussed factors and evidence in favor of and against granting defendant's *Romero* motion, including the nature and circumstances of defendant's past and present offenses, and defendant's background, character, and prospects.

Defendant first argues the trial court failed to take into account the remoteness of his prior strike, which occurred in 2008. However, "[i]n determining whether a prior conviction is remote, the trial court should not simply consult the Gregorian calendar with blinders on." (*People v. Humphrey* (1997) 58 Cal.App.4th 809, 813; see *People v. Solis* (2015) 232 Cal.App.4th 1108, 1124 [a prior strike conviction is not properly stricken merely because it is 30 years old].) "To be sure, a prior conviction may be stricken if it is remote in time. In criminal law parlance, this is sometimes referred to as 'washing out.' [Citations.] The phrase is apt because it carries the connotation of a crime-free cleansing period of rehabilitation after a defendant has had the opportunity to reflect upon the error of his or her ways." (*Humphrey*, at p. 813.) However, "the overwhelming majority of California appellate courts have reversed the dismissal of, or affirmed the refusal to dismiss, a strike of those defendants with a long and continuous criminal career." (*Strong*, *supra*, 87 Cal.App.4th at p. 338.) Accordingly, we conclude the record shows the court properly considered the remoteness of defendant's 2008 prior strike conviction in finding that he did not have a "wash[] out" period in the years since his 2008 prior strike conviction. (*Humphrey*, at p. 813.)

Defendant also argues the trial court failed to take into account his youth at the time of his prior strike conviction, which occurred when he was 18 years old, and the fact that he was 35 years old when he committed the current offense. However, the record shows the court heard defense counsel's argument that it should consider defendant's youth at the time he committed the prior strike as grounds for dismissing the prior strike. Further, middle age, considered alone, cannot take a defendant outside the spirit of the law; otherwise the very factor that takes a defendant within the spirit of the law—a lengthy criminal career with at least one serious or violent felony—would have the inevitable consequence—age—that would purportedly take him outside it. Extraordinary must the circumstance be by which a career criminal can be deemed to fall outside the spirit of the very statutory scheme within which he squarely falls and whose continued

10.

criminal career the law was meant to attack." (*Strong*, *supra*, 87 Cal.App.4th at pp. 331–332.) Accordingly, we conclude the record shows that the court properly considered defendant's age at both the time he committed the prior strike and at the time he committed the current offenses, when it determined he fell within the spirit of the Three Strikes law, in light of his extensive criminal history in the interim period.

Defendant also contends the trial court did not properly consider whether his criminal history was due to his history of substance abuse. However, the record shows the court considered defendant's background, including his history of substance abuse, as it expressly considered the connection between his current offenses and history of substance abuse.

Defendant further contends the trial court did not properly consider his crime-free period for the five years preceding the commission of the underlying offense. Again, however, the court expressly stated that it considered the period from 2019 to 2024, during which defendant had no convictions, when considering his background and determining his criminal history since his 2008 strike was extensive.

The trial court's statement explaining the factors it considered when denying the *Romero* motion shows the court understood its discretion to dismiss defendant's prior strike and that its decision to deny defendant's motion was not " ' "arbitrary, capricious or patently absurd." ' " (See *Carmony*, *supra*, 33 Cal.4th at p. 378.) Further discussion of defendant's background, character and prospects was unnecessary, as the court was not obligated to address every aspect of its decision to deny defendant's *Romero* motion in its statement. (See *Large*, *supra*, 41 Cal.4th at p. 550; see also *People v. Myers* (1999) 69 Cal.App.4th 305, 310 ["The court is presumed to have considered all of the relevant factors in the absence of an affirmative record to the contrary."].)

## DISPOSITION

The judgment is affirmed.

11.